United States District Court
Southern District of Texas

**ENTERED**

September 30, 2024

Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| MDC ENERGY LLC | § | CIVIL ACTION NO |
| d/b/a MDC TEXAS | § | 4:22-cv-03175 |
| ENERGY LLC, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CROSBY ENERGY | § | |
| SERVICES INC and | § | |
| JEREMY MARRUFO, | § | |
| Defendants. | § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION
## AS MODIFIED

Plaintiff MDC Energy, LLC, filed suit for declaratory judgment against Defendants Crosby Energy Services, Inc, and Jeremy Marrufo. Dkt 1. Plaintiff sought a judgment absolving them of any duty to defend or indemnify or provide insurance coverage to Defendants against underlying claims brought in Texas state court. Id.

Crosby Energy seeks the opposite declaratory judgment by way of counterclaim, along with a declaration that it and Marrufo are entitled to coverage as additional insureds under MDC Energy's insurance policy. Dkt 13 at 7. Crosby Energy also asserted third-party claims bringing in two related MDC entities (MDC Texas Operator, LLC, and MDC Reeves Energy, LLC) to seek declaratory judgment that the MDC entities collectively owe a duty to defend and indemnify or, in the alternative, for reformation of the contract between itself and MDC Energy due to mutual mistake. Id at 12.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 4. MDC Energy filed a motion for summary judgment seeking a declaration that it has no duty to defend, indemnify, or insure Crosby Energy (or Marrufo as its employee), along with dismissal of Crosby Energy's counterclaims. Dkt 28. Crosby Energy filed a motion for summary judgment seeking the opposite declaratory judgment on its counterclaim. Dkt 29.

Underlying all of this are two Master Services and Supply Contracts. The *MOF MSSC* is between Man On Fire Welding, LLC, and MDC Energy. See Dkt 28-4. The *Crosby Energy MSSC* is between Crosby Energy and MDC Energy and MDC Texas Operator. See Dkt 28-3. These were the subject of dispute and interpretation before the Magistrate Judge.

Pending is a Memorandum and Recommendation by Judge Bryan dated August 16, 2024. Dkt 52. In sum, she recommends finding that (i) the Crosby MSSC is unambiguous and the undefined term *subcontractor* carries its plain and ordinary meaning, id at 9–13; (ii) the only evidence in the record of a contract to which MOF is a party is the MOF MSSC between MOF and MDC Texas Energy, id at 13–14, 16–17; (iii) the record lacks any evidence of a contract between MOF and MDC Texas Operator or MDC Reeves, id at 14–16, 17; (iv) a subcontractor relationship by its nature requires a contract with a contractor, and thus MOF wasn't a *subcontractor* as defined, id at 12–13, 18-20; (v) because MOF was a contractor, not a subcontractor, it is not included in the definition of *Company Group* for whose conduct MDC owes Crosby and Marrufo a duty to defend, indemnify, or insure against, id at 22, and (vi) Crosby's second reformation claim is moot (with the first having otherwise been abandoned), id at 23. On that basis, she recommends that (i) the motion for summary judgment by MDC Energy be granted; (ii) the motion for summary judgment by Crosby Energy and Marrufo be denied, and the reformation claim by Crosby Energy be dismissed, and (iii) a declaratory judgment be entered that MDC Energy doesn't owe a duty

to defend, indemnify, or provide insurance coverage to Crosby or Marrufo in connection with the underlying lawsuit. Dkt 52 at 24.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Crosby Energy timely filed objections. Dkt 56. In short summary, it argues that the M&R (i) misapprehended the actual argument when rejecting contention that the MOF MSSC was beside the point, and that there was a contract between MOF and MDC Texas Operator related to the Crosby Energy MSSC, id at 5–8; (ii) ignored argument and "evidence" that supports its position concerning the existence of an oral contract between MOF and MDC Texas Operator, which position it states it has always maintained, id at 8–11; (iii) made erroneous factual findings about the contractual relationships between the parties because it assumed that the work performed by MOF was pursuant to the MOF MSSC, rather than that being work pursuant to an oral contract under the Crosby Energy MSSC, id at 11–13; (iv) misapplied pertinent legal standards by not viewing the evidence in the light most favorable to Crosby Energy, id at 13–14; and (v) erred in dismissing the second reformation claims as moot, id at 14.

MDC Energy responded. Dkt 61. It argues that (i) the objections simply rehash arguments properly rejected in the M&R, id at 3–5; and (ii) the M&R correctly considered the evidence, made reasonable inferences, and came to the correct conclusion that MOF was a contractor and not a subcontractor, id at 5–6.

3

Upon *de novo* review, it appears that the M&R is correct based on the record presented. The dispute in essence turns on a matter of contract interpretation as to the meaning of the term *subcontractor*, with attendant application of the evidence in the record to that interpretation. After applying the plain and ordinary meaning of *subcontractor*, and properly distinguishing legal authority upon which Crosby Energy relied for its argument that MOF was a subcontractor, there doesn't appear to be evidence of a contract between MOF and any MDC entity with respect to the Crosby Energy MSSC. It thus appears that MOF was only a contractor, and not a subcontractor, of any MDC entity.

But while that is correct as to the *written* record, Crosby Energy now argues, by way of objections, an *oral* contract between MOF and MDC Texas Operator that, if proven, could potentially alter or revise the recommendation to grant the motion by MDC Energy with entry of a declaratory judgment in its favor (along with denial of the motion by Crosby Energy). It isn't clear that such contention was squarely raised before the Magistrate Judge. For example, see Dkt 35 at 4 (reply of Crosby Energy in support of summary judgment, with spare mention of verbal contract seemingly different than contention of oral contract between MOF and MDC Texas Operator). But it could perhaps be said that contention of an oral contract was implied in the very nature of the argument made by Crosby Energy, even if it doesn't appear to have been articulated as such. Regardless, prudence dictates that adoption of the M&R preserve the potential ability of Crosby Energy to further develop and argue this issue.

As such, the Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the opinion of this Court as to the contractual evidence currently in the record. Dkt 52.

The motion for summary judgment by MDC Energy is GRANTED in substantial part. Dkt 28.

4

The motion for summary judgment by Crosby Energy is DENIED in substantial part. Dkt 29.

Decision is RESERVED as to the declaratory judgment that shall enter in this action as a matter of law, if any, until resolution of further proceedings.

This matter is REFERRED again to the Magistrate Judge for further development and consideration with respect to the issue of whether an oral contract existed between MOF and MDC Texas Operator or other MDC entity. For example, see Dkt 56 at 4–5, 7 (assertions as to evidence of oral agreement).

The Magistrate Judge may address all matters that she deems fit in her discretion. This includes the potential for further supplementation of the record or targeted summary judgment briefing by which to make further recommendation. Alternatively, this also includes potential to make recommendation that Crosby Energy has waived contention as to the existence of an oral agreement as not being presented in the prior summary judgment briefing and argument.

The Magistrate Judge may also enter orders as to any and all other matters of pretrial management, including as to scheduling.

SO ORDERED.

Signed on September 30, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge